Robert A. Scher (RS 2910)
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
(212) 682-7474

Jon P. Christiansen
FOLEY & LARDNER LLP
777 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202
(414) 297-5557

Attorneys for Defendant Coors Brewing Company

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| SPIRIT & SANZONE DISTRIBUTORS CO., INC., and <br><br> SALAMANCA-AREA BEVERAGE COMPANY, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> COORS BREWING COMPANY, <br><br> Defendant. | Civil Action No. 08 CV 0251(LLS) |

---

**DEFENDANT COORS BREWING COMPANY'S MEMORANDUM
OF LAW IN SUPPORT OF ITS APPLICATION TO STAY THESE PROCEEDINGS IN
FAVOR OF ARBITRATIONS; IN OPPOSITION TO PLAINTIFFS' APPLICATION
FOR PRELIMINARY INJUNCTION TO STAY ARBITRATIONS; AND IN SUPPORT
OF REQUEST FOR ADDITIONAL BRIEFING**

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ..................................................................................................... ii

INTRODUCTION ....................................................................................................................... 1

ARGUMENT ............................................................................................................................... 1

I. *John G. Ryan, Inc. v. Molson USA* Demonstrates That the Arbitration Clause at Issue Is Valid and Enforceable. .............................................................................................. 2

II. *Ryan* Correctly Dispensed With Plaintiffs' Argument That Federal Law Saves Section 55-c's Anti-Arbitration Provision From Preemption. ....................................... 3

III. Plaintiffs' Arguments for Disregarding *Ryan*'s Holding Are Unavailing. ................... 3

   A. The Contracts at Issue—the "Molson Amendment"—Did Not Require "Good Cause": Whether the Contract Is Enforceable Is a Question for the Arbitrator and, at All Events, Plaintiffs' Voluntary Acceptance of Those Contracts Is Not Barred by § 55-c. ............................................................................................................. 3

   B. The Contract's Adoption of New York Law "to The Extent . . . Required to Be Incorporated" Does Not Nullify the Arbitration Clause. .......................................... 5

IV. Plaintiffs Are Wrong to Contend That an Arbitrator Cannot Resolve Whether the Limitations § 55-c Purports to Impose on a Brewer's Interstate Consolidation of Distributors Is Rendered Invalid by the Commerce Clause. ........................................ 6

V. Plaintiffs Have Not Shown Any Irreparable Harm That Would Justify Staying the Arbitration Proceedings Pending Full Briefing and Adjudication of the Parties' Cross Motions. ................................................................................................................... 6

CONCLUSION ........................................................................................................................... 7

# TABLE OF AUTHORITIES

**CASES**

*Bondy's Ford, Inc. v. Sterling Truck Corp.*,
147 F. Supp. 2d 1283 (M.D. Ala. 2001) .................................................................. 8-9

*Broadcast Arts Productions, Inc. v. Screen Actors Guild, Inc.*,
673 F. Supp. 701 (S.D.N.Y. 1987) ............................................................................ 5

*Buckeye Check Cashing, Inc. v. Cardegna*,
546 U.S. 440 (2006) .................................................................................................. 7

*Coppinger v. Metro-North Commuter Railroad*,
861 F.2d 33 (2d Cir. 1988) ........................................................................................ 9

*Doctor's Assoc., Inc. v. Casarotto*,
517 U.S. 681 (1996) .................................................................................................. 7

*John G. Ryan, Inc. v. Molson USA, LLC*,
No. 05CV3984, 2005 WL 2977767 (E.D.N.Y. Nov. 7, 2005) ........................ *passim*

*Mount Ararat Cemetery v. Cemetery Workers & Greens Attendants Union*,
975 F. Supp. 445 (E.D.N.Y. 1997) .......................................................................... 10

*Southland Corp. v. Keating*,
465 U.S. 1 (1984) ...................................................................................................... 6

*Stawski Distrib. Co. v. Browary Zywiec S.A.*,
349 F.3d 1023 (7th Cir. 2003) ............................................................................ 6, 10

*Truck Drivers Local Union v. Regional Import & Export Trucking Co.*,
944 F.2d 1037 (2d Cir. 1991) .................................................................................... 5

**STATUTES**

9 U.S.C. § 2 .................................................................................................................... 6

9 U.S.C. § 3 .................................................................................................................... 4

27 U.S.C. § 122 .............................................................................................................. 6

27 U.S.C. § 122a ............................................................................................................ 6

N.Y. Alcoholic Beverage Control Law § 55-c ................................................... *passim*

U.S. Const. Amend. XXI, § 2 ................................................................................................6

## INTRODUCTION

Defendant Coors Brewing Company ("Coors") has written distribution agreements with plaintiffs Spirit & Sanzone Distributors, Co., Inc. ("Sanzone") and Salamanca-Area Beverage Beverage Company, Inc. ("Salamanca"). These agreements contain arbitration clauses. Pursuant to those arbitration clauses, Coors demanded arbitration before the American Arbitration Association ("AAA") on December 11, 2007. On January 17, 2008, the AAA case manager conducted a preliminary conference in which all parties participated. (Christiansen Decl. ¶ 3.[1]) It is likely that no arbitrator will even be appointed for several weeks. (*Id.*)

Plaintiffs commenced this action on January 11, 2008, notwithstanding their promise to arbitrate, and now ask this Court to order a stay the arbitrations. Coors has not had an opportunity to address all of plaintiffs' contentions fully—plaintiffs served their 33-page memorandum in support of a premliminary injunction staying arbitration on January 17, 2008—and Coors requests an opportunity to brief fully whether plaintiffs are entitled to the relief they seek. But, as demonstrated succinctly below, even a preliminary review of plaintiffs' arguments reveal no grounds on which a stay of the arbitrations can be based. Instead, the Federal Arbitration Act requires that this action should be stayed pending arbitration.

## ARGUMENT

Defendant Coors seeks an order staying this case pending arbitration. Section 3 of the Federal Arbitration Act, 9 U.S.C. §3, provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an

---

[1] Coors filed the January 17, 2007 declaration of Jon P. Christiansen ("Christiansen Decl.") with this memorandum.

1

> agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

The existence of an arbitration clause raises a "presumption of arbitrability." *See Truck Drivers Local Union v. Regional Import & Export Trucking Co.*, 944 F.2d 1037, 1042 (2d Cir. 1991). The injunction plaintiffs seek enjoining arbitration requires them to establish both likelihood of success on the merits and irreparable harm. *See Broadcast Arts Productions, Inc. v. Screen Actors Guild, Inc.*, 673 F. Supp. 701 (S.D.N.Y. 1987). Even a cursory examination suggests they cannot make either showing. In contrast, Coors will demonstrate that the parties' dispute is subject to arbitration; thus it is entitled to a stay of this action until the arbitration is completed.

I. *John G. Ryan, Inc. v. Molson USA* Demonstrates That the Arbitration Clause at Issue Is Valid and Enforceable.

Plaintiffs' principal arguments—that § 55-c of New York's Alcoholic Beverage Control Law ("§ 55-c") precludes arbitration—were properly rejected in *John G. Ryan, Inc. v. Molson USA, LLC*, No. 05CV3984, 2005 WL 2977767 (E.D.N.Y. Nov. 7, 2005). As plaintiffs' emphasize, § 55-c purports to limit the ability of brewers and their distributors to agree to resolve their disputes through arbitration. *See* § 55-c(7)(c) ("No brewer or beer wholesaler may impose binding arbitration of any issue as a term or condition of an agreement"); *cf.* § 55-c(11) ("The requirements of this section may not be altered, waived or modified by written or oral agreement in advance of a bona fide case and controversy arising under a written agreement complying with this section."). The FAA, however, preempts those provisions.

*Ryan*, addressing the very same contract terms at issue here, made clear that "[t]here can be no dispute that the FAA, by its terms, applies to this contract," 2005 WL 2977767, at *5. The FAA, moreover, requires enforcement of the contract's arbitration clause. 9 U.S.C. § 2;

2

*Southland Corp. v. Keating*, 465 U.S. 1, 10, 16 (1984) (FAA preempts state law anti-arbitration provision); *Ryan*, 2005 WL 2977767, at *5. "Section 55-c(7)(c) of the New York State Alcoholic Beverages Control Law is preempted by the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*," *id.* at *17.

**II.    *Ryan* Correctly Dispensed With Plaintiffs' Argument That Federal Law Saves Section 55-c's Anti-Arbitration Provision From Preemption.**

Plaintiffs repeat here a "reverse preemption" argument that *Ryan* carefully considered and rejected. Section 2 of the Twenty-first Amendment, which prohibits "[t]he transportation or importation into any State . . . for delivery or use therein of intoxicating liquors, in violation of the laws thereof," U.S. Const. Amend. XXI, § 2, does not empower state ABC laws to trump the FAA. *Ryan*, 2005 WL 2977767, at *6-12 (collecting authorities); *see also Stawski Distrib. Co. v. Browary Zywiec S.A.*, 349 F.3d 1023, 1026 (7th Cir. 2003) (Twenty-first Amendment does not save Illinois' anti-arbitration provision from preemption by the FAA). Nor does the federal Webb-Kenyon Act, which, like the Twenty-first Amendment, prohibits the transportation of liquor into a state in violation of that state's laws, 27 U.S.C. § 122, or the Twenty-first Amendment Enforcement Act, which grants state Attorneys General the right to enforce their states' laws against such transportation, 27 U.S.C. § 122a, constitute a congressional repeal of the FAA insofar as state ABC laws, like § 55-c, are concerned. *See Ryan*, 2005 WL 2977767, at *13-15.

**III.   Plaintiffs' Arguments for Disregarding *Ryan*'s Holding Are Unavailing.**

    **A.    The Contracts at Issue—the "Molson Amendment"—Did Not Require "Good Cause": Whether the Contract Is Enforceable Is a Question for the Arbitrator and, at All Events, Plaintiffs' Voluntary Acceptance of Those Contracts Is Not Barred by § 55-c.**

Relying on § 55-c(3) & (4), plaintiffs' contend that "the Molson Amendment was void because "good cause" did not exist to amend the parties' prior agreements." (Pls.' Br. 12.) First,

3

this challenge to the validity of the Molson Amendment is one reserved for arbitration: "[U]nless the challenge is to the arbitration clause itself, the issue of the contract's validity is considered by the arbitrator in the first instance." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 446 (2006).

Second, the challenge is misplaced as a matter of New York law. Contrary to plaintiffs' construction, § 55-c does not purport to preclude distributors to accept revised contracts such as the Molson Amendment. Subsections (3) & (4), on which plaintiffs rely, are simply not applicable to the voluntary execution of the Molson contracts. Subsection (3) *authorizes* a brewer to cancel, modify, or terminate a contract for good cause: it does not limit the parties' ability to consensually modify terms. Subsection (4) similarly does not limit the parties' ability to select new terms: it merely requires a brewer to have good cause to cancel, terminate or not renew an agreement. Tellingly, plaintiffs offer no authority supporting their novel reading of the statute. They also make no argument that the execution of the Molson agreements was coerced.

Third, state law cannot impose special limitations on parties' ability to choose arbitration. *See Doctor's Assoc., Inc. v. Casarotto*, 517 U.S. 681, 688 (1996) (invalidating state law that imposed special notice requirement for enforceability of arbitration agreement). Thus, even if plaintiffs' construction of § 55-c as imposing a "good cause" limitation on arbitration were correct (which it is not), it would be preempted by the FAA. *Id.* While the plaintiffs argue that any amendment to an agreement between a brewer and a distributor—not just arbitration agreements—requires good cause to be enforceable, the effect is to impose a state restriction on the ability of parties voluntarily to choose arbitration for dispute resolution. This roadblock is created by § 55-c(7)(c), which precludes a brewer from imposing binding arbitration as a term of

4

an agreement. To create a requirement of good cause to amend a contract to include a mandatory arbitration provision has the same effect as if arbitration were singled out for exclusion.

    **B.    The Contract's Adoption of New York Law "to The Extent . . . Required to Be Incorporated" Does Not Nullify the Arbitration Clause.**

Plaintiffs attempt to end-run *Ryan*'s holding that the FAA trumps § 55-c(7)(c)'s anti-arbitration provision by arguing that by adopting New York law, the parties' contract (even though it contains an express arbitration clause) incorporates § 55-c(7)(c), thus undoing the arbitration provision. This argument fails as grounds to stay arbitration for at least two reasons. First, the provision on which plaintiffs rely only incorporates statutory law that the state "***requires***" be incorporated into the parties' contract. Section 55-c(7)(c)'s anti-arbitration provisions are not of this type. Rather than requiring that beer distribution agreements *incorporate* a "no arbitration" provision, § 55-c purports to *bar* the inclusion of arbitration clauses in the agreement. *Compare* § 55-c(7)(c) ("No brewer or beer wholesaler may impose binding arbitration as a term or condition of an agreement"), with § 55-c(5)(c) (mandating incorporation of certain statements into notices of termination).

Second, as *Ryan* holds, the FAA preempts § 55-c's anti-termination provisions. Rendered null by Congress, those provisions cannot be correctly considered to be "required" to be incorporated. *See Bondy's Ford, Inc. v. Sterling Truck Corp.*, 147 F. Supp. 2d 1283, 1290-91 (M.D. Ala. 2001) (rejecting argument that choice of state statutory scheme incorporated anti-arbitration statute preempted by FAA). Indeed, the FAA renders § 55-c's anti-arbitration provisions void, thus not a "law" at all. *See id.* at 1290 ("Alabama statutes that preclude arbitration in cases governed by the FAA are void and are not the law in Alabama.").

5

IV. **Plaintiffs Are Wrong to Contend That an Arbitrator Cannot Resolve Whether the Limitations § 55-c Purports to Impose on a Brewer's Interstate Consolidation of Distributors Is Rendered Invalid by the Commerce Clause.**

None of the authorities on which plaintiffs rely suggest that the parties' dispute over Coors' ability to consolidate its distributors, including any issue about whether limitations New York law purports to impose are rendered invalid by the Commerce Clause, cannot be adjudicated in arbitration. At most, the authorities plaintiffs cite, such as *Coppinger v. Metro-North Commuter Railroad*, 861 F.2d 33 (2d Cir. 1988), stand for the unremarkable proposition that an arbitrator's decision will not preclude a party from pressing statutory or constitutional claims that are beyond the arbitration's scope.

Nor does Fed. R. Civ. P. 5.1's requirement that state officials be notified when federal litigants call into question the constitutionality of a state statute provide any grounds for staying the parties' arbitration. While that rule affords states the opportunity to defend the statute before a federal court issues a decision on a statute's constitutionality, nothing about it suggests that an arbitrator cannot decide the constitutional scope of state law in the course of resolving a private dispute that Congress has made subject to arbitration. Plaintiffs' suggestion that an arbitrator's ruling resolving these parties' rights will have a "dramatic effect on the beer industry" (Pls.' Br. 33) is wholly unsupported.

V. **Plaintiffs Have Not Shown Any Irreparable Harm That Would Justify Staying the Arbitration Proceedings Pending Full Briefing and Adjudication of the Parties' Cross Motions.**

There is no basis for ordering a stay of the arbitration proceedings before Coors is afforded an opportunity to respond fully to plaintiffs' lengthy brief supporting its request for a stay of arbitration. Plaintiffs do not contend that continuing the arbitration proceedings, which currently only involves selecting the arbitrators (*see* Christiansen Decl. ¶3), will cause them

irreparable harm. Instead, they argue that irreparable harm should be "presumed" if they are forced to arbitrate a dispute not subject to a valid arbitration provision. (Pls.' Br. at 11-12.)

The only authority they cite, *Mount Ararat Cemetery v. Cemetery Workers & Greens Attendants Union*, 975 F. Supp. 445, 447 (E.D.N.Y. 1997), does not support a presumption of irreparable harm here. In *Mount Ararat*, the court presumed irreparable harm when a collective bargaining agreement calling for arbitration had expired. While *Mount Ararat* suggests that the question of whether the dispute is actually arbitrable ultimately governs whether the court may enjoin arbitration, there is no equitable basis for enjoining the parties' arbitration in its early stage before the question of whether the dispute is arbitrable is fully and fairly presented. Plaintiffs' counsel represented the distributors in *Ryan* and *Stawski* and has long been aware of the arguments presented. Plaintiffs should not be allowed to deprive Coors of an adequate opportunity to be heard on whether arbitration should proceed through a tactic of commencing this action more than a month after Coors made an arbitration demand. Plaintiffs' delay belies any claim of irreparable harm that could justify immediate action by this Court. Under the circumstances, Coors should be afforded the opportunity to brief fully the arbitrability issues raised by plaintiffs before the Court addresses plaintiffs' request for injunctive relief.

## CONCLUSION

For these reasons, Coors respectfully requests that the Court either summarily deny plaintiffs' request for a stay of arbitration and stay these proceedings in favor of arbitration or, in the alternative, grant Coors a reasonable period to file a brief responding in full to plaintiffs' arguments that the arbitration should be enjoined and supporting Coors' application to stay this litigation.

Dated: January 18, 2008
New York, New York

_/s/ Robert A. Scher_
Robert A. Scher (RS 2910)
FOLEY & LARDNER LLP
90 Park Avenue
New York, New York 10016
(212) 682-7474

Jon P. Christiansen
FOLEY & LARDNER LLP
777 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202
(414) 297-5557

Attorneys for Defendant Coors Brewing Company