UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SPIRIT & SANZONE DISTRIBUTORS CO., INC., and          08 CV 0251 (LLS)
SALAMANCA-AREA BEVERAGE COMPANY INC.,

                      Plaintiffs,

   -against-

COORS BREWING COMPANY,

                      Defendant.
------------------------------------------------------------------x

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION STAYING THE ARBITRATION COMMENCED BY DEFENDANT AND IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION**

                                           Ettelman & Hochheiser, P.C.
                                           Attorneys for Plaintiffs
                                           100 Quentin Roosevelt Boulevard
                                           Suite 401
                                           Garden City, New York 11530
                                           (516) 227-6300

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ……………………………………………ii

PRELIMINARY STATEMENT……………………………………………1

ARGUMENT…………………………………………………………..2

  THE CONTRACT UNAMBIGUOUSLY AND
  SPECIFICALLY PRECLUDES ARTITRATION…………………………...2

CONCLUSION…………………………………………………...6

F:\Spirit & Sanzone\Molson\arbitration\Application to Stay arbitration\Supplemental Mol.doc

**TABLE OF AUTHORITIES**

**CASES**

*Bank Julius Baer & Co., Ltd. v. Waxfield Ltd.,*
    424 F.3d 278 (2d Cir. 2005)..................................................................................................3,5

*Garal Wholesalers, Ltd. v. Miller Brewing Company,*
    193 Misc.2d 630, 632, 634 *(N.Y.Sup. 2002)*..........................................................................5

*John G. Ryan, Inc. v. Molson USA, LLC,*
    No. 05 CV 3984, 2005 WL 2977767 (E.D.N.Y. Nov. 7, 2005) ..............................................1

*S.A. Mineracao Da Trindade-Samitri v. Utah Int'l, Inc.,*
    745 F.2d 190 (2d Cir. 1984)....................................................................................................2

*Slatt v. Slatt,*
    64 N.Y.2d 966 (1985)………………………………………………….......................2

*Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC,*
    450 F.3d 100 (2d Cir. 2006)....................................................................................................2

*Spanski Enterprises, Inc. v. Telewizja Polska, S.A.*
    No. 07 Cir. 930, 2007 WL 1187870 (S.D.N.Y. Apr. 23, 2007).........................................3,4,5

*Staten Island Univ. Hosp. v. Sarkis,*
    12 Misc.3d 1180(A) (N.Y. Sup. 2006)………………………………….......................2

*Sutton v. East River Savings Bank,*
    55 N.Y.2d 550 (1982)………………………………………………………………….2

*Volt Info. Sciences, Inc.. v. Board of Trustees,*
    489 U.S. 468 (1989)................................................................................................................2

**STATUTES**

Section 55-c of the New York Alcoholic Beverage Control Law………………...................passim

Plaintiffs Spirit & Sanzone Distributors Co., Inc. ("Sanzone") and Salamanca-Area Beverage Company, Inc. ("Salamanca") (collectively "Plaintiffs"), respectfully submit their Supplemental Memorandum of Law in further support of Plaintiffs' motion seeking to permanently stay the arbitration proceedings commenced by Defendant Coors Brewing Company ("Coors") against Sanzone, bearing AAA case number 13 155 02713 07 and against Salamanca, bearing AAA case number 13 155 02714 07, (collectively the "Arbitrations") and in opposition to Coor's motion to stay this litigation and compel arbitration.

### PRELIMINARY STATEMENT

Coors, in its opposition to Plaintiffs' motion to stay the arbitration and in support of its motion to compel arbitration, seeks to impose an obligation to arbitrate where none exists. By mischaracterizing Plaintiffs' arguments, Coors attempts to discredit Plaintiffs' motion by misrepresenting to this Court that Plaintiffs' principle arguments were rejected in *John G. Ryan, Inc. v. Molson USA, LLC,* No. 05 CV 3984, 2005 WL 2977767 (E.D.N.Y. Nov. 7, 2005). To the contrary, the arguments presented in Plaintiffs' initial memorandum of law and further supplemented here, that the parties' contract unambiguously and specifically precludes arbitration, were never presented to nor decided by the court in *Ryan.* Significantly, a finding that the terms of Plaintiffs' underlying contracts vitiate the pre-dispute arbitration clause is based purely on the fundamental principles of contract interpretation and the preemption doctrine which Coors vigorously argues in its opposition is inapplicable in this instance.[1] Thus, the issue of preemption need not even be addressed.

---

[1] Indeed, even if it is found that the parties' contract does not invalidate the purported arbitration agreement, it is Plaintiffs' position as set forth more fully in their initial memorandum of law that the

1

## ARGUMENT

## THE CONTRACT UNAMBIGUOUSLY
## AND SPECIFICALLY PRECLUDES ARBITRATION

Arbitration is entirely a creature of contract. *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC,* 450 F.3d 100, 014 (2d Cir. 2006). As a result, "which disputes are subject to arbitration are determined entirely by an agreement between the parties. *Id.* Agreements to arbitrate are enforced "in accordance with their terms." *Volt Info. Sci. v. Board of Trustees,* 489 U.S. 468, 478 (1989). Accordingly, the scope of an arbitration clause, like any contract provision, is a question of the intent of the parties as revealed by the language which they have chosen. *See S.A. Mineracao Da Trindale-Samitri v. Utah Int'l, Inc.,* 745 F.2d 190, 193 (2d Cir. 1984). Thus, the court must consider the contract as a whole, since some of its provision may operate to modify, explain or limit the otherwise apparent meaning of others. *See Staten Island Univ. Hosp. v. Sarkis,* 12 Misc.3d 1180(A) (N.Y. Sup. 2006).

Notably, it is a fundamental precept of contract law that where the intent of the parties may be discerned from the four corners of the agreement that is the intent which must be given effect. *Id.* citing *Slatt v. Slatt,* 64 N.Y.2d 966, 967 (1985). The court, even when dealing with an arbitration clause, may not fashion a new contract under the guise of construction, but is enjoined to achieve "a practical interpretation of the expressions of the parties to the end that there be a realization of [their] reasonable expectations." *Id.* citing *Sutton v. East River Savings Bank,* 55 N.Y.2d 550, 555 (1982).

---

Federal Arbitration Act does not preempt New York's explicit policy against pre-dispute arbitration clauses in the field of alcohol policy.

Applying these contract principles, the Second Circuit has stated that an arbitration clause can be nullified by another clause in the agreement that specifically precludes arbitration. *See Bank Julius Baer & Co., Ltd. v. Waxfield Ltd.,* 424 F.3d 278 (2d Cir. 2005). In *Bank Julius Baer*, the Court of Appeals was presented with the issue of whether a nonexclusive forum selection clause could invalidate an arbitration agreement. While the court decided, under different circumstances, that the arbitration agreement in that case was not invalidated by another clause in a separate agreement, the court unlocked the possibility that there are circumstances where a conflicting clause in an agreement could operate to vitiate an arbitration clause.

Based upon the Second Circuit's findings in *Bank Julius Baer,* this Court has held that a contractual provision which exclusively designates a choice of law and a forum specific adjudicator to govern all disputes under the agreement between the parties precluded arbitration based upon an arbitration clause that was contained in a prior agreement of the parties. *See Spanski Enterprises, Inc. v. Telewizja Polska, S.A. No. 07 Civ. 930,* 2007 WL 1187870 (S.D.N.Y. Apr. 23, 2007). The plaintiffs in *Spanski* were seeking an injunction prohibiting the defendants from proceeding with a foreign arbitration based upon an arbitration clause contained in the parties' prior agreement. To support their motion to stay the arbitration, the plaintiffs argued that a forum selection clause contained in an amendment to the parties' agreement conflicted with the arbitration clause. Specifically, this forum selection clause provided that the agreement was subject to the law of the state of New York and all disputes will be regulated by the Federal Court in New York City. This court found that the forum selection clause by its terms provided for litigation in New York of all disputes relating to the specific terms

3

added or modified by the amendment. This court further found that the forum selection clause is "plainly inconsistent" with the arbitration clause and is not therefore susceptible to a reading that permits the arbitration clause to remain in effect. *Id.* at *5. Based upon these findings, this Court held that the forum selection clause unambiguously and specifically precluded arbitration. *Id.*

The facts of the instant case are similar to the facts in *Spanski* and lend even more support to the Plaintiffs' position that the terms of Plaintiffs' underlying distribution agreements invalidate the arbitration clause that Coors seeks to rely upon. Here, the Plaintiffs were each parties to an underlying agreement which provided that New York Alcoholic Beverage Control law ("ABC law") §55-c would be <u>incorporated</u> into the agreement as a term of the parties' agreement. Even more significant than in *Spanski,* here, the underlying distribution agreements also provided that the provisions of ABC law §55-c would <u>supersede</u> any conflicting provision of the distribution agreement.

The pertinent provisions of Section 55-c which are applicable to Plaintiffs' motion to stay the arbitration are Section 55-c (6) and Section 55-c (7). As set forth in Plaintiffs' Memorandum of Law in Support of their Application, Section 55-c(6) grants the Plaintiffs the right to bring an a civil action in a court of competent jurisdiction in the State of New York if a brewer fails to comply with the provisions of §55-c, and Section 55-c(7), prevents the brewer from including a pre-dispute arbitration clause in the written distribution agreement. These two provisions directly contradict the pre-dispute arbitration clause contained in Section 6.2 of the Molson Amendment, which Defendant completely relies upon.

4

Applying the rationale of *Spanski* this Court should find that Section 55-c (6) and (7) are plainly inconsistent with the arbitration clause contained in the Molson Amendment. Indeed, Section 55-c (6) which grants Plaintiff the right to bring a court action if Coors does not comply with Section 55-c directly conflicts with paragraph 6.2 of the Molson Amendment which requires any and all disputes to be submitted to binding arbitration before the American Arbitration Association. Similarly, Section 55-c (7) directly conflicts with paragraph 6.2 because §55-c(7) prevents Coors (the brewer) from requiring arbitration as a term of the distribution agreement. Accordingly, because these two subsection of §55-c directly contradict the agreement to arbitrate, there is no susceptible reading which would allow the arbitration clause to remain in effect.

Significantly, unlike in *Bank Julius Baer* and *Spanski,* Plaintiffs do not need this Court to reconcile these two provisions and determine which, if any, should be given effect, because the parties have agreed in the underlying distribution agreements, which were drafted by the Defendant, that the provisions of Section 55-c would supersede and control in the event of any conflict. Moreover, had the parties not agreed, both the Legislature and the courts have already determined that the provisions of §55-c supersede any conflicting provisions of the written distribution agreement. *See Garal Wholesalers, Ltd. v. Miller Brewing Company,* 193 Misc. 2d 630, 632, 634 (N.Y.Sup. 2002). Accordingly, based upon the above, subsections (6) and (7) of §55-c which are incorporated the underlying agreements unambiguously and specifically preclude and vitiate the pre-dispute arbitration agreement contained in the Molson Amendment.

The unambiguous language chosen for this contract, which was drafted by Defendant's predecessor, reveals the parties' true intent that the provisions of Section 55-

c will govern the parties relationship.  This intent is further supported by the expressed purpose of Section 55-c which requires written distribution agreements to contain provisions that conform to the statute.  Accordingly, notwithstanding that that there is a strong federal policy favoring arbitration, this Court, under the guise of construction, cannot fashion a valid agreement to arbitrate, as such a finding would not only fly in the face of this *Spanski* decision, but would directly contradict the parties' unambiguous and specific contractual provisions.

## CONCLUSION

For all of the reasons set forth herein, it is respectfully submitted that this Court grant Plaintiff a Preliminary Injunction enjoining the Arbitrations as set forth in the Order to Show Cause, pending the outcome of this action.

Dated: Garden City, New York
       January 28, 2008                ETTELMAN & HOCHHEISER, P.C.

                                              By: /s/ Gary Ettelman
                                                    Gary Ettelman (GE 9315)
                                          Attorneys for Plaintiffs
                                          100 Quentin Roosevelt Blvd., Suite 401
                                          Garden City, New York 11530
                                          (516) 227-6300